CITY OF LOUISVILLE *v.* JOSEPH HALL, ET AL.

**Dedication of Highway—Streets.**

When grantors own land not platted, and convey the same as a tract, referring in the deed to a named street and to the location of portions of the land on either side of such street, but not making the street a boundary, they do not thereby dedicate the street to the public. The reference to the street in the deed was a mere matter of description.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 22, 1875.

OPINION BY JUDGE LINDSAY:

It does not appear from the record that Elm street had been laid out by the heirs at law of Ferguson, nor that it had been located across their lands, with their consent, by the city or by any adjoining land holder.

They sold to the Halls an entire tract of land, describing it as the land conveyed to their ancestor by the Bank of the United States. The reference to Elm street, and to the location of portions of the land conveyed on either side of said street, was mere matter of description. In selling to the Halls, the vendees had no interest in dedicating a street to the public, and the purchasers had no interest in requiring any such dedication.

If they had conveyed the land lying north of the supposed location of Elm street to one party, and that lying south to another, calling in the deeds for the street as a boundary to each tract, then the title to the street could not have been passed, and the law, for the benefit of the purchaser, would have implied a. dedication of the street to the public.

In this case the title to all the tract of land, including the proposed site of Elm street, passed to the Halls, and their right to the street is as free from the supposed divestiture by dedication, as was that of the vendors.

Judgment *affirmed*.

*T. L. Burnett, for appellant.*
*Russell & Helm, for appellees.*